UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:11-CR-00103-JRG-2 |
| | ) | |
| RANDALL MICHAEL LAWSON | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's pro se motion for compassionate release and appointment of counsel [Doc. 391]. The United States filed a response in opposition [Doc. 395]. For the reasons that follow, the motion will be denied.

**I.    BACKGROUND**

In November of 2013, Defendant was sentenced to a total term of 216 months of imprisonment based on his convictions for conspiracy to distribute and possess with the intent to distribute 1,000 kilograms or more of marijuana; conspiracy to distribute and to possess with the intent to distribute 5 kilograms or more of cocaine; conspiracy to commit money laundering; and concealment of and failure to disclose assets [Doc. 276].[1]

In May of 2020, Defendant filed a motion for compassionate release [Doc. 356] based on his health conditions and the COVID-19 pandemic. The Court recognized that Defendant suffers from difficult health problems, yet denied the motion because the exhaustion requirement was not met, Defendant had already contracted COVID-19, and the § 3553(a) factors weighed against release [Doc. 360].

---

[1] In a separate case, the Court also sentenced Defendant to 120 months' imprisonment—to run concurrently to his 216-month term of imprisonment—for being a felon in possession of a firearm [Doc. 276].

In the instant motion, Defendant again moves for compassionate release based on his health conditions amid the COVID-19 pandemic, as well as his rehabilitative efforts [Doc. 391]. He is presently housed at FCI Ashland, with a projected release date in November 2023. *See* Inmate Locator, Bureau of Prisons, https//www.bop.gov.inmateloc/ (last visited April 26, 2022).

## II. APPOINTMENT OF COUNSEL

Defendant asks the Court to appoint counsel to represent him on his compassionate release motion [Doc. 391, at 8]. There is no constitutional right to an attorney in post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."); *Foster v. United States*, 345 F.2d 675, 676 (6th Cir. 1965) (holding that the constitutional right to counsel does not extend to collateral proceedings). A district court has discretion, under 18 U.S.C. § 3006A(a)(2), to appoint counsel when "the interests of justice so require."

In this case, the compassionate release arguments presented to the Court are straightforward and familiar, not beyond the capability of an ordinary pro se litigant. Moreover, pursuant to this court's Standing Order SO-21-09, Federal Defender Services of Eastern Tennessee ("FDSET") has already been appointed to represent all defendants who file a pro se § 3582(c)(1)(A) motion. FDSET has filed notice that, after review of the defendant's case, it does not plan to submit any pleadings [Doc. 398]. Accordingly, the Court will deny Defendant's motion for appointment of counsel.

## III. LEGAL STANDARD

"[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir.

2010)). Section 3582(c)(1)(A)(i) of Title 18, United States Code authorizes district courts to consider defendant motions for sentence reduction based on "extraordinary and compelling reasons."

Before seeking compassionate release from the court, a defendant must first "exhaust the BOP's administrative process" or wait "thirty days after the warden has received the compassionate release request—whichever is earlier." *United States v. Jones*, 980 F.3d 1098, 1105 (6th Cir. 2020). Exhaustion of administrative remedies is a "mandatory condition" for defendant-filed motions for compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). However, because the administrative exhaustion requirement operates as a "claim processing rule," it may be waived or forfeited by the Government. *Id*. at 833–34.

If the exhaustion requirement has been met, a court may grant a motion for compassionate release if (1) "extraordinary and compelling reasons merit a sentence reduction," (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the court has "considered the factors . . . in 18 U.S.C. § 3553(a), to the extent that they apply." § 3582(c)(1)(A). However, when the defendant, rather than the BOP, files a motion for compassionate release, the court "may skip step two of the [Section] 3583(c)(1)(A) inquiry" and has "full discretion to define 'extraordinary and compelling circumstances' without consulting the policy statement in [U.S.S.G.] § 1B1.13.'" *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020). A motion for compassionate release may be denied when one of the substantive requirements is not met. *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

## IV. ANALYSIS

### A. Exhaustion

Defendant shows that he submitted a compassionate release request to the warden at his prison [*See* Doc. 391-1, at 1]. The United States concedes that the exhaustion requirement has been met [Doc. 395, at 1]. Thus, the Court finds that it has authority under § 3582(c)(1)(A) to address the merits of Defendant's motion.

### B. Merits

#### 1. Extraordinary and Compelling Reasons

Defendant is 67 years old and suffers from a number of conditions including, but not limited to, type 2 diabetes, hypertension, chronic obstructive pulmonary disease (COPD), prostate cancer that is "recurrent but doing well on rx," and stage 3 chronic kidney disease, as documented in his medical records [Doc. 399, at 205–211]. The Centers for Disease Control has concluded that individuals over 65 years of age are at the highest risk of serious illness from COVID-19. *See* People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited April 26, 2022). Further, diabetes, COPD, cancer, and kidney disease "can" increase the risk of serious illness from COVID-19. The same is "possibly" true of hypertension. *Id.* Hence, Defendant's age and health conditions may make him particularly vulnerable to the virus.

However, Defendant has already contracted COVID-19 and recovered while remaining largely asymptomatic [*See* Doc. 399, at 211, 217–220]. Significantly, he is also fully vaccinated [*Id.*, at 627, 629]. A defendant's "access to the COVID-19 vaccine substantially undermines his request for a sentence reduction" because "with access to the vaccine, an inmate largely faces the same risk from COVID-19 as those who are not incarcerated." *United States v. Lemons*, 15 F.4th

747, 751 (6th Cir. 2021). Moreover, at this time, COVID-19 appears to be fairly well controlled at Defendant's prison. Ashland FCI currently reports zero inmate cases and zero staff cases of COVID-19. *COVID-19: Coronavirus*, Bureau of Prisons, http://bop.gov/coronavirus/ (last visited April 26, 2022).

The Court finds Defendant's health conditions to be concerning. Yet given Defendant's prior recovery from COVID-19, his vaccination, and the absence of an outbreak of the virus at Defendant's prison, the Court does not find grounds for a sentence reduction.

Last, the Court acknowledges Defendant's rehabilitative efforts. The Court commends Defendant on the numerous hours he has spent participating in BOP programming [Doc. 395-3]. While the Court considers rehabilitative efforts to be highly relevant to a discussion of the § 3553(a) factors, the Court does not find those facts sufficient to constitute "extraordinary and compelling" grounds for compassionate release. Congress has provided that, in the context of 18 U.S.C. § 3582(c)(1)(A), "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for compassionate release. 28 U.S.C. § 994(t).

Taken altogether, the Court does not find that Defendant has shown extraordinary and compelling reasons warranting a sentence reduction.

2. **18 U.S.C. § 3553(a) Factors**

Even if the Court found that Defendant has shown extraordinary and compelling reasons for compassionate release, on balance, the 18 U.S.C. § 3553(a) factors weigh against release.

As the Court noted previously, Defendant's criminal offenses are unquestionably serious in nature [Doc. 360, at 6–7]. In his plea agreement, Defendant admitted to conspiring to distribute and possess with intent to distribute a large quantity of drugs: over 6, 500 kilograms of marijuana and 24 kilograms of cocaine [Doc. 148, at 3]. Nor was this Defendant's first offense. His criminal

5
Case 2:11-cr-00103-JRG-MCLC   Document 401   Filed 05/03/22   Page 5 of 6   PageID #: 2947

record includes a prior conviction for possession of cocaine for resale, as well as assault and battery and driving while intoxicated, among other offenses [Presentence Report, §§ 74-78].

Defendant has served a significant portion of his sentence, which weighs in his favor. *See United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020) ("[T]he need to provide just punishment, the need to reflect the seriousness of the offense, and the need to promote respect for the law permit the court to consider the amount of time served in determining whether a sentence modification is appropriate."). However, the Court sentenced Defendant to a term of imprisonment below the advisory guidelines,[2] and a sentence reduction at this time might result in an unwarranted sentence disparity with similarly situated offenders. *See* 18 U.S.C. § 3553(a)(6).

Although the Court commends Defendant's rehabilitative efforts, the Court finds that on balance the § 3353(a) factors weigh against his immediate release. A sentence reduction in this case would not reflect the seriousness of the offenses of conviction, would not promote respect for the law or provide just punishment, and would not afford adequate deterrence or protect the public from future crimes of this defendant.

## V. CONCLUSION

For the reasons set forth above, Defendant's pro se motion for compassionate release and appointment of counsel [Doc. 391] is **DENIED**.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

---

[2] Defendant was sentenced to 216 months of imprisonment, which was below his amended guideline range of 235 to 293 months [Doc. 348].

6
Case 2:11-cr-00103-JRG-MCLC   Document 401   Filed 05/03/22   Page 6 of 6   PageID #: 2948